# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

CHARLES F. WARMAN,

                   Petitioner,             :     Case No. 2:18-cv-564

   - vs -                                District Judge Algenon L. Marbley
                                       Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                     :
                  Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Charles F. Warman to obtain relief from his convictions in the Licking County Court of Common Pleas on four counts of felony domestic violence. Warman filed his petition on June 7, 2018 (ECF No. 1). On Magistrate Judge Jolson's Order (ECF No. 3), the State has filed the State Court Record (ECF No. 9) and a Return of Writ (ECF No. 10). Petitioner then filed his Reply (ECF No. 13) making the case ripe for decision.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District. Final decision of the case remains with Judge Marbley.

**Litigation History**

Petitioner was indicted December 10, 2015, on four counts of domestic violence with the

specification that he had a prior domestic violence conviction. Convicted by a jury, he was sentenced to four years imprisonment. On direct appeal to the Ohio Fifth District Court of Appeals, Warman raised one assignment of error, to wit, that it was error not to exclude the prior misdemeanor conviction. The Fifth District affirmed and Warman took no appeal to the Supreme Court of Ohio. *State v. Warman*, 2016-Ohio-7754 (5th Dist. Nov. 14, 2016).

On February 6, 2017, Warman filed an Application for Reopening under Ohio R. App. P. 26(B) to raise the following claims of ineffective assistance of appellate counsel:

1. Appellant was prejudicially deprived of his rights to effective assistance of appellant counsel [sic] on direct appeal as secured by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution where ineffective assistance offered by appellant counsel [sic] plagued defendant's appeal with prejudice.

2. Inadmissible hearsay evidence where as appellant's Sixth Amendment rights were violated.

3. Where as testimony of bad acts should not have been admitted pursuant to Evid. R. 404.

4. Trial court abused its discretion when he overruled Appellant's Rule 29 Motion on Count Two as Count One and Count Two are the same acts.

5. Trial court abused its discretion when he overruled Appellant's Rule 29 Motion on Count Three as Evidence are [sic] insufficient and are against the manifest weight of the evidence.

6. That Felicia Warman gave "patently false" and unfair prejudicial testimony in the case.

7. The trial court violated Appellant's Sixth Amendment rights where as unfair prejudicial error was committed when erroneous jury instructions were inappropriately given to the jury.

8. The above assignments of errors, when taken together, deprived the Appellant, Charles Warman, of a fair trial as guaranteed under the United States and Ohio Constitutions['] "Due Process" clauses.

(Application, State Court Record, ECF No. 9, PageID 116, *et seq*.)  The Fifth District granted the Application in part and reopened the appeal to allow new counsel to address

> whether appellate counsel was ineffective and the appellant prejudiced by the failure of counsel to address the issues of whether 1 ). The trial court erred in instructing the jury on flight and, if so, whether Warman was prejudiced by the trial court's instruction on flight; 2). Whether the trial court erred by admitting "other acts" evidence and, if so, whether Warman was prejudiced by the admission; and 3). Whether any of the four counts of domestic violence were allied offenses of similar import subject to merger into a single conviction and imposition of a sentence that is appropriate for the offense chosen for sentencing.

(Judgment Entry, State Court Record, ECF No. 9, PageID 159-60.)  On the reopened appeal, Warman conceded that the trial court's instruction on flight was not plain error, the trial court did not err by admitting other acts evidence, and one of the counts of conviction were subject to merger under the allied offenses statute, Ohio Revised Code § 2941.25 (Appellant's Brief, State Court Record, ECF No. 9, PageID 162).  However, new counsel raised a new assignment of error, claiming ineffective assistance of trial counsel in failing to object to the persistent hearsay testimony of Officer John Purtee as to out-of-court statements of Felicia Warman, the victim.  The court decided that the testimony in question was admissible under the excited utterance exception to the hearsay rule and it was therefore not ineffective assistance of trial counsel to fail to object to it.  *State v. Warman*, 2017-Ohio-8994 (5th Dist. Nov. 15, 2017), appellate jurisdiction declined, 2018-Ohio-1600 (2018).

Warman filed a second 26(B) Application to Reopen on November 27, 2017 (State Court Record, ECF No. 9, PageID 235, et seq.)  The Fifth District declined to consider the Application because Ohio law does not allow for a second application to reopen.  *Id.* at PageID 296, *et seq*. The Ohio Supreme Court declined jurisdiction of an appeal.  *Id.* at PageID 339.

Warman filed his Petition in this Court on June 7, 2018, pleading the following grounds

for relief:

**Ground One**: Petitioner was prejudicially deprived of his right to Effective Assistance of Trial Counsel as secured by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when trial counsel failed to impeach the credibility of the State's key witness with perjured testimony. The Court of Appeals of Ohio, Fifth Appellate District, Licking County, unreasonably applied the Strickland standard to assess ineffective assistance of counsel when it erroneously concluded that the issues raised had no genuine merits as to whether Petitioner was deprived of the effective assistance of counsel and denied the motion. Appellate counsel was ineffective under Strickland by not addressing appellant's concerns.

**Supporting Facts:** When new counsel was appointed to this case it became an extension of Strickland and appellate counsel should have challenged the prejudicial adjudication. It is a known fact that the State permitted perjured testimony during the course of the trial and counsel was aware of that fact. Trial counsel should have impeached the credibility of the State's witness and should have objected to the State's use of the false testimony. A trial counsel's failure to impeach the credibility of a key witness with known false testimony is an egregious error in a criminal case. The result of his failure was a free pass for the government and a five year prison sentence for Mr. Warman. (sic)

In conclusion, Petitioner was denied the effective assistance of counsel as guaranteed by the Federal Constitution as well as the Ohio Constitution where his trial counsel neglected "dead bang winners." His failure to unearth cited Federal Constitutional violations constitutes investigatory failure.

**Ground Two**: Petitioner was prejudicially deprived of his Fourteenth Amendment Due Process right and of his rights to Effective Assistance of Trial Counsel as secured by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when the State Prosecutor knowingly used and failed to correct false testimony, which affected the outcome of the trial.

The Court of Appeals of Ohio, Fifth Appellate District, Licking County, unreasonably applied the Strickland standard to assess ineffective assistance of counsel when it overruled Petitioner's assignment of error. Appellate counsel was ineffective under Strickland by not addressing appellant's concerns.

**Supporting Facts:** The State Prosecutor, who is acting as an agent for the State, has a constitutional duty to assure that all defendants have a fair trial. Consistent with this notion is the obligation of the prosecutor to refrain from knowingly using perjured testimony, to disclose certain evidence favorable to the accused and to correct testimony he knows is false. In the instant case the prosecutor did not live up to what is expected of him according to law.

There are two instances, on the record, where the prosecutor used false testimony knowing it to be false but made a determination to use it anyway. That violates both Federal and State laws. The State had an obligation to correct the false testimony but chose not to.

Because the prosecutions (sic) case depended almost entirely on the testimony of certain witnesses the witness' testimony was material. In Conclusion, Petitioner will show that his Due Process rights were violated by the State when the Prosecutor knowingly used and failed to correct false testimony, which affected the outcome of the trial, and violated Petitioner's Fourteenth Amendment rights by denying him a fair trial.

**Ground Three**: This case reeks with multiple constitutional violations. Petitioner was prejudicially deprived of his rights to Effective Assistance of Appellate Counsel as secured by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, where ineffective assistance offered by Counsel plagued petitioner's appeal with prejudice by not challenging the appellate court's improper adjudication regarding petitioner's sixth assignment of error. The Court of Appeals of Ohio, Fifth Appellate District, Licking County, unreasonably applied the Strickland standard to assess ineffective assistance of counsel when it erroneously concluded that Warman's claims are meritless. Appellate counsel was ineffective under Strickland by not addressing appellant's concerns.

Petitioner will also show that the State appellate court disregarded the United States Supreme Court's decision by violating his Sixth Amendment rights to a fair and impartial jury verdict whereas the doctrine of res judicata does not apply to bar a claim of ineffective assistance of counsel. The error complained of affected the outcome of appellate review and appellate counsel was ineffective under Strickland for not addressing it on direct appeal.

**Supporting Facts**: The improper adjudication effectively precluded Petitioner a substantial review of those issues raised in a timely manner. The Fifth District Court of Appeals, Licking County, Ohio

contends that the doctrine of res judicata prohibits the court from considering a second application for reconsideration/application for reopening 26(B). In the instant case the appellate court's judgment misconstrued the error as an allied offense issue.

On February 6, 2017, Petitioner timely filed a motion for reconsideration/reopening 26(B) to the Ohio Fifth Appellate District listing eight assignments of error. On March 27, 2017 that same court issued an order that the case be re-opened and that new counsel address only three issues, specifically dealing with ineffective assistance of counsel only. In assignment of error number six neither appellate counsel of the Ohio's Fifth Appellate Court addressed that issue.

Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. In the instant case Petitioner should not be faulted as he raised the issue in his first timely application for reopening but the Ohio Appellate Court refused to address his complaint. Therefore, Petitioner was not able to fully brief his assignment of error or given the opportunity to exercise the mechanism provided to perfect his appeal.

It is obvious and on the record that petitioner's constitutional rights were substantially violated. The Court of Appeals of Ohio, Fifth Appellate District, Licking County came to the conclusion that the doctrine of res judicata prohibits the court from considering Appellant's second App. R. 26(B) application because the issues could have been raised in the initial application. That conclusion is misleading and is clearly erroneous determination of the facts.

The records shows [sic] that the Petitioner did in fact raise the issue complained of [F.W.]'s false testimony, in his initial application under his sixth assignment of error to the Ohio Appellate court. The court misconstrued the error as an allied offense. Therefore, res judicata does not apply.

In conclusion, the Court of Appeals in Ohio made a clearly erroneous determination of the facts by misquoting the record. The improper adjudication effectively precluded Petitioner a review of his meritorious claim on facts that can be proven. Additionally, appellate counsel's refusal to argue this constitutional error prejudiced Petitioner's appeal and is in violation of the Strickland standard.

Appellate counsel did not attempt to argue or focus on the merits of this case. Second, counsel failed to argue that the lack of evidence to sustain a conviction is contrary to Federal and State laws. Third, counsel failed to keep appellant informed about important decisions and on arguments he was preparing on direct appeal. Fourth, counsel failed to protect petitioner's Constitutional rights raised herein. Finally, counsel failed to argue the prejudice that Petitioner suffered as a result of jurors hearing perjured testimony.

An error of this magnitude which adversely affects the rights to a ffair review is an error of constitutional dimension and must not be ignored or condoned.

**Ground Four**: Petitioner will show that he was denied his federal Sixth Amendment rights to have a fair and impartial jury trial when trial counsel failed to object to Officer's Purtee's repeated hearsay statements of [F.W.]. The Court of Appeals of Ohio, Fifth Appellate District, Licking County, unreasonably applied the Strickland standard to assess ineffective assistance of counsel when it erroneously concluded that [F.W.]'s statements were admissible as an exception to the hearsay rule, that trial counsel was not ineffective in failing to object and when they overruled Warman's fourth assignment of error.

**Supporting Facts:** The testimony of a police officer was used to bolster the credibility of the victim's testimony. A witness's credibility could very well be a factor of central importance to the jury, indeed every bit as important as the factual elements of the crime itself.

The officer's testimony was extremely prejudicial and did not fit into any of the exceptions to the hearsay rule and should have been objected to at trial. This is a clear violation of both the federal and state rule under the excited utterance clause.

There was no evidence of an assault at the scene officer Purtee responded to, nor did the officer observe or record any injuries to the victim at the scene. When a neighbor called 9-1-1 because she heard a female say that she had a concussion she could not positively say that it was the Petitioner who caused the injury to the victim. The neighbor, identified as Amanda Percoco, could not say that she saw any sticks or weapons of any kind being used or was in the hands of anyone.
When officer Purtee testified that the victim told him that she was smacked with a large stick during "hours of interrogation" trial counsel should have objected to the officer's testimony as it was

extremely prejudicial to the Petitioner. There was no time or location to establish when the alleged assault or "hours of interrogation" occurred, as described by officer Purtee. Ms. Harper, a friend of the victim, testified that according to the victim, the marks on the arms and legs came from falling to the pavement. The facts of this case, under hearsay testimony, does not comport to Evid. R. 803.

By accepting the jury verdict, the court erred and violated the Due Process clauses to the United States and the Ohio Constitutions, where as the prosecution for the State permitted false testimony to sway the jury verdict which is highly prejudicial to Petitioner.
As an agent of the State the prosecutor has a constitutional duty to assure the Petitioner a fair trial. Consistent with this notion the State is refrained from using perjured testimony. It is incumbent on the State to correct any testimony it knows to be false. In the instant case, the State has not done so.

**In conclusion,** the hearsay testimony by the officer was so prejudicial require a new trial. The Court of Appeals of Ohio, Fifth Appellate District, Licking County *should not* have been affirmed. The hearsay testimony should have never been permitted because they compounded the prejudice from a trial error which impressed upon the jury that Mr. Warman committed the offense without jurors weighing all the actual evidence thereby depriving Petitioner of his constitutional rights to a fair trial and an impartial jury. The Ohio Court of Appeals (sic) decision is in conflict with clearly established Federal and State "Due Process" laws. Counsel's total lack of activity in arguing this error effectively amounted to a complete absence of counsel and is in clear contradiction under *Strickland*.

(Petition, ECF No. 1, PageID 5-12.)


# Analysis


## Ground One:  Ineffective Assistance of Trial Counsel:  Failure to Object to Perjury


In his First Ground for Relief, Petitioner alleges the key witness against him perjured herself and counsel should have exposed the perjury.

This claim was not raised on direct appeal. Construed as it is written as an ineffective assistance of trial counsel claim, it would not have been barred by Ohio's criminal *res judicata* doctrine from presentation in a petition for post-conviction relief under Ohio Revised Code § 2953.21 because Warman had the same attorney on direct appeal as at trial. Because an attorney cannot be expected to argue his or her own ineffectiveness, good cause exists for failure to raise the claim on direct appeal when trial and appellate counsel are the same. *State v. Lentz*, 70 Ohio St. 3d 527, 529-30 (1994). However, Warman has never filed a post-conviction petition and the time within which he could have done so has now expired. Furthermore, filing a delayed petition for post-conviction relief under Ohio Revised Code § 2953.23 would be futile as Warman has been aware of the evidence on which he bases his claim since his trial. Instead, Warman points to his initial 26(B) Application.

> [Warman asserts he] raised an allegation of false testimony in the initial 26(B) application to reopen, due to his original appellate counsel's failure to raise the issue in the direct appeal. (R. 122-24) Warman's efforts to assert the claim was [sic] impeded by the Court of Appeals which rendered an unreasonable adjudication by misconstruing the false testimony claim as an allied offense claim (R.158).

(Reply,[1] ECF No. 13, PageID 794).

In his February 6, 2017, Application for Reopening, Petitioner raised as the Sixth Omitted Assignment of Error, "Felicia Warman gave 'patently false' and unfair prejudicial testimony on this case." (State Court Record, ECF No. 9, PageID 121-22.) In it he argues that the appellate court must review the evidence as it "is called upon to address both the weight and sufficiency of the evidence." *Id.* at PageID 122. In his argument of this omitted assignment of error, he recounts

---

[1] Although Warman styled his Reply as a "Traverse," a comment to the 2004 amendments to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts makes it clear that "Reply" is the proper terminology.

the inconsistencies between the testimony of Felicia Warman and that of Gina Born. The argument made here is only about Count Three of the Indictment and the only thing said about trial counsel's performance is that he moved to dismiss Count Three under Rule 29. Warman accuses the prosecutor of knowingly using false testimony because the State presented both witnesses despite the contradictions.

As Warman notes, the Fifth District Court of Appeals misread this omitted assignment of error. At one place it reads the Sixth Assignment "as simply alleg[ing] the 'cumulative effect' of assignments of error two through five." (Judgment Entry, ECF No. 9, PageID 157.) The next page of its decision reads, "his fourth, fifth, and sixth assignments of error . . . {to} contend that his convictions on four counts of domestic violence are allied offenses." *Id.* at PageID 158.

Whatever errors the Fifth District made in reading Warman's 26(B) Application, it granted the requested relief and reopened the appeal. It was thus up to new appellate counsel to raise this claim in the reopened appeal. He did not do so. He did make a different claim of ineffective assistance of trial counsel regarding trial counsel's failure to object to Officer Purtee's testimony which "consisted of the repeated hearsay statements of Felicia Warman." (Appellant's Brief, State Court Record, ECF No. 9, PageID 172.)

Respondent asserts this claim is procedurally defaulted. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Engle v. Isaac*, 456 U.S. 107, 110 (1982), citing *Wainwright v. Sykes*, 433 U.S. 72 (1977). "[A]bsent cause and prejudice, a federal habeas petitioner who fails to comply with a state's rules of procedure waives his right to federal habeas corpus review." *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation and internal quotation marks omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>                    . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner

can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

The relevant procedural rule is that Ohio courts will not consider federal constitutional claims which have not been presented to them by the parties. Warman has not presented this claim on the merits either in post-conviction or on direct appeal. Since the time for a post-conviction petition has passed, any attempt to raise it in that manner would be met with a statute of limitations defense. Warman has already had one direct appeal and Ohio law does not provide for a second.

His presentation of it as an underlying omitted assignment of error in his initial 26(B) Application did not present it on the merits. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion 'would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel.'" *Id.* quoting *Lott*, *supra*.

Prima facie, then, this claim is procedurally defaulted. The next question is whether that default can be excused by a showing of cause and prejudice. Ineffective assistance of appellate counsel will usually constitute cause to excuse omission of an assignment of error on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). However, such a claim must first be submitted to the usual state court process for deciding claims of ineffective assistance of appellate counsel. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Warman did submit this claim as part of his initial 26(B) Application, but the Fifth District misread

the claim.

After it was not raised in the reopened appeal, Warman attempted to raise it in his second

26(B) Application (State Court Record, ECF No. 9, PageID 236). The Fifth District refused to

decide the ineffective assistance of appellate counsel claim on the merits:

> Appellant's second application to reopen is not well taken because
> there is no right to file successive applications for reopening
> pursuant to App.R. 26(6). *State v. Richardson*, 74 Ohio St.3d 235,
> 1996-0hio-258. 658 N.E.2d 273; *State v. Cheren*, 73 Ohio St.3d 137,
> 1995-0hio-28, 652 N.E.2d 707; *State v. Peeples,* 73 Ohio St.3d 149,
> 1995-0hio-36, 652 N.E.2d 717. See, also, *State v. Cooey*, 99 Ohio
> St.3d 345, 2003-Ohio-3914, 792 N.E.2d 720, 11 5, quoting
> *Williams*. 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, 11
> 10 ("'Neither App.R. 26(B) nor *State v. Murnahan* (1992), 63 Ohio
> St.3d 60, 584 N.E.2d 1204, provides a criminal defendant the right
> to file second or successive applications for reopening'").

(Judgment Entry, State Court Record, ECF No. 9, PageID 296.) Since the Fifth District did not

decide on the merits the federal question of whether omitting this claim constituted ineffective

assistance of appellate counsel, it falls to this Court to do so.

The governing standard for ineffective assistance of counsel was adopted by the Supreme

Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so
> defective as to require reversal of a conviction or death sentence has
> two components. First, the defendant must show that counsel's
> performance was deficient. This requires showing that counsel
> was not functioning as the "counsel" guaranteed the defendant by the
> Sixth Amendment. Second, the defendant must show that the
> deficient performance prejudiced the defense. This requires
> showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable. Unless a
> defendant makes both showings, it cannot be said that the conviction
> or death sentence resulted from a breakdown in the adversary
> process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both

deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would

have changed the result of the appeal. *Id.*, citing *Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id.*, citing *Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52. Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003); *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999). Counsel can be ineffective by failing to raise a "dead-bang winner," defined as an issue which is obvious from the trial record and which would have resulted in a reversal on appeal, even if counsel raised other strong but unsuccessful claims. *Mapes, supra,* citing *Banks v. Reynolds*, 54 F. 3d 1508, 1515 n. 13 (10th Cir. 1995); see also *Page v. United States*, 884 F. 2d 300, 302 (7th Cir. 1989). Stated differently, failure to raise a significant and obvious claim can amount to reversible error. *Mapes v. Tate*, 388 F.3d 187, 192 (6th Cir. 2004).

As suggested above in summarizing Warman's statement of this claim in his initial 26(B)

Application, there are three ways to read it: appellate counsel provided ineffective assistance by not claiming trial counsel provided ineffective assistance by (1) not raising sufficiency of the evidence or weight of the evidence claims; (2) not sufficiently exposing the inconsistencies in Felicia Warman's testimony; and (3) not raising a knowing presentation of perjured testimony claim of prosecutorial misconduct.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

Warman's claim that it was ineffective assistance of appellate counsel to omit a sufficiency of the evidence claim on direct appeal is without merit. A review of the record demonstrates that there was ample evidence from which the jury could have concluded that the State had proven

beyond a reasonable doubt each element of each of the four counts of domestic violence. The Bill

of Particulars recites the context of each of the counts (State Court Record, ECF No. 9, PageID

77-79). Witnesses in support of each of those counts testified at trial in sufficient detail that a

rational jury could have found Warman guilty on each count beyond a reasonable doubt. Because

of that, an argument that there was insufficient evidence to convict would have been unavailing.

An assignment of error claiming that the verdicts were against the manifest weight of the

evidence would have met the same fate. Weight of the evidence concerns

> the inclination of the greater amount of credible evidence, offered in
> a trial, to support one side of the issue rather than the other. It
> indicates clearly to the jury that the party having the burden of proof
> will be entitled to their verdict, if, on weighing the evidence in their
> minds, they shall find the greater amount of credible evidence
> sustains the issue which is to be established before them. Weight is
> not a question of mathematics, but depends on its effect in inducing
> belief.

*State v. Thompkins,* 78 Ohio St. 3d 380 (1997). The jury had occasion to hear medical testimony

about the presence of bruising on Ms. Warman's body and her concussion. It is far from likely

that the court of appeals would have sustained an assignment of error based on the manifest weight

of the evidence. As further proof of that proposition, the Magistrate Judge notes that court's

comments in the alternative when denying Warman's second 26(B) Application:

> Thus, an appellate court will leave the issues of weight and
> credibility of the evidence to the fact finder, as long as a rational
> basis exists in the record for its decision. *State v. Picklesimer,* 4th
> Dist. Pickaway No. 11CA9, 2012-Ohio-1282, ¶ 24.
>
> The jury as the trier of fact was free to accept or reject any and all
> of the evidence offered by the parties and assess the witness's
> credibility. "While the trier of fact may take note of the
> inconsistencies and resolve or discount them accordingly * * * such
> inconsistencies do not render defendant's conviction against the
> manifest weight or sufficiency of the evidence." *State v. Craig,* 10th
> Dist. Franklin No. 99AP-739, 1999 WI.. 29752 (Mar 23, 2000)
> *citing State v. Nivens,* 10th Dist. Franklin No. 95APA09-1236, 1996

WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-0hio-958, 1121, *citing State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell,* 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991). paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

In the case at bar, the jury heard the witnesses, viewed the evidence and heard Appellant's arguments and explanations about his actions and the credibility of F.W. A rational basis exists in the record for crediting the testimony of F.W. because she was the victim of abuse, was present in court and subject to cross-examination in front of the jury.

(Judgment Entry, State Court Record, ECF No. 9, PageID 298-99.)

An assignment of error claiming trial counsel provided ineffective assistance by failing to adequately cross-examine Felicia Warman would also likely have failed. Trial counsel vigorously cross-examined the victim (Trial Transcript, State Court Record, ECF No. 9-1, PageID 585-610).

Finally, an assignment of error claiming the prosecutor had knowingly used false testimony would have failed as well. Warman argues this matter at length in his Reply (ECF No. 13, PageID 798-809). But he fails to prove that any of the testimony offered by the State was known to be false. Warman is apparently under the impression that presenting conflicting testimony or allowing conflicting testimony to be presented constitutes a constitutional violation under *Napue v. Illinois*, 360 U.S. 264 (1959), but that is not so. Juries are frequently presented with conflicting testimony and are instructed to resolve the conflicts with the caveat that a defendant must be proven guilty beyond a reasonable doubt. The fact that the key witness is contradicted by the defendant or is reported to have said contradictory things at various points in time simply does not prove the

witness has perjured herself, much less that the prosecutor knew perjury was occurring. The fact that there was no witness to the beatings other than the victim, a fact to which Warman adverts in claiming perjured testimony was used (Reply, ECF No. 13, PageID 805) is also not dispositive. The jury heard the contradictions and inconsistencies and was authorized as a matter of law to resolve them as it did.

Of course, the "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the rudimentary demands of justice." *Workman v. Bell,* 178 F.3d 759, 766 (6th Cir. 1998), quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972). Presentation of testimony known to be perjured violates a defendant's due process rights. *Mooney v. Holohan*, 294 U.S. 103, 112 (1935). This rule applies to both the solicitation of false testimony and the knowing acquiescence in false testimony. *Workman*, 178 F.3d at 766, citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959). However, to prevail on such a claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. *Wogenstahl v. Mitchell*, 668 F.3d 307, 323 (6th Cir. 2012), citing *Rosenkrantz v. Lafler*, 568 F.3d 577, 583-84 (6th Cir. 2009); *Brooks v. Tennessee*, 626 F.3d 878, 894-95 (6th Cir. 2010); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), citing *United States v. Lochmondy,* 890 F.2d 817, 822 (6th Cir. 1989); *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986). The statement must be indisputably false, rather than simply misleading. *Lochmondy*, 890 F.2d at 823; *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000). Mere inconsistencies in the testimony will not suffice. *Monea v. United States*, 914 F.3d 414 (6th Cir. 2019)(Nalbandian, J.), citing *Lochmondy*.

Because Warman has not proven that it was ineffective assistance of appellate counsel to fail to present his First Ground for Relief on direct appeal, he cannot rely on that ineffective assistance of appellate counsel claim to excuse his procedural default. Therefore, Ground One

should be dismissed as procedurally defaulted.

**Ground Two:  Knowing Use of False Testimony**

In his Second Ground for Relief, Warman argues he was deprived of due process when the prosecutor knowingly used false testimony to convict.  This claim, which Warman argues together with Ground One in his Reply, is procedurally defaulted on the same basis.

**Ground Three:  Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Warman complains he received ineffective assistance of appellate counsel when his appellate attorney did not challenge the Fifth District's "improper adjudication regarding petitioner's sixth assignment of error."

As outlined above, the Magistrate Judge agrees that the Fifth District misread Warman's proposed sixth assignment of error as raising an allied offenses question.  But regardless of whether it misread the assignment, the Fifth District granted relief and reopened the appeal.  At that point in time there would have been no reason to attempt to correct the Fifth District's reading because the appeal had been reopened.  As is evident from reading Appellant's Brief on reopening and the Fifth District's decision, it was completely open to new appellate counsel to raise a new ineffective assistance of trial counsel claim.  The ineffective assistance of trial counsel claim he chose to raise is different from the one Warman wanted raised per his sixth proposed assignment, but Warman suffered no prejudice from the court of appeals' error, because it granted him the reopening that

he sought. Thus, the Fifth District's error in misreading was harmless, it did not have a substantial and injurious effect or influence in determining the outcome of the 26(B) Application. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946).

Ground Three should therefore be dismissed as without merit.

## Ground Four: Ineffective Assistance of Trial Counsel: Failure to Object to Hearsay

In his Fourth Ground for Relief, Warman claims he received ineffective assistance of trial counsel when his trial attorney failed to object to hearsay statement of the victim introduced in evidence through Officer Purtee.

This claim was omitted on the original direct appeal but then pleaded and argued by new appellate counsel on reopening, so the claim is not procedurally defaulted. The Fifth District Court of Appeals decided this claim as the fourth assignment of error:

> **[*P34]** In his fourth assignment of error, Warman noted that our remand did not include a directive to address the effectiveness of trial counsel; he is raising the issue because prior appellate counsel was also Warman's trial counsel. Therefore, he could not be expected to raise a claim of ineffective assistance of counsel on himself.

> **[*P35]** Without citation to the record where the errors were alleged to have occurred, Warman contends that his trial counsel was ineffective for failing to object to repeated hearsay statements of F.W. during Officer Purtee's testimony.

> **[*P36]** Evid.R. 801 (D) (1) deals with prior statements of a witness. According to the Staff Notes accompanying the Rule, "[t]here are three types of statements by a witness which may qualify as non-hearsay under this subdivision and may be admissible as non-

hearsay to prove the matters asserted in such prior statements. The rule does not limit the use of such statements for either impeachment or rehabilitative purposes. The statements may be used as substantive evidence of the matters asserted. The three categories are (a) prior inconsistent statements of a witness if made under oath subject to cross-examination, (b) prior consistent statements offered to rebut charges of recent fabrication or improper motive, and (c) prior identification by a witness."

[*P37] "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Hearsay is generally not admissible unless it falls within one of the exceptions to the rule against hearsay. Evid.R. 802, 803, 804; *State v. Steffen*, 31 Ohio St.3d 111, 31 Ohio B. 273, 509 N.E.2d 383(1987). Statements constitute hearsay only if they were offered to prove the truth of the matters asserted in those statements. If those statements were offered for some other purpose, they are not inadmissible hearsay. *State v. Davis*, 62 Ohio St.3d 326, 344, 581 N.E.2d 1362 (1991).

[*P38] "The hearsay rule...is premised on the theory that out-of-court statements are subject to particular hazards. The declarant might be lying; he might have misperceived the events which he relates; he might have faulty memory; his words might be misunderstood or taken out of context by the listener. And the ways in which these dangers are minimized for in-court statements-the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and, most importantly, the right of the opponent to cross-examine-are generally absent for things said out of court." *Williamson v. United States*, 512 U.S. 594, 598,114 S.Ct. 2431, 2434, 129 L.Ed.2d 476 (1994).

[*P39] Evid. R. 803 Hearsay exceptions; availability of declarant immaterial provides,

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

(2) **Excited utterance**. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

**[\*P40]** . . . A four-part test is applied to determine the admissibility of statements as an excited utterance:

(a) That there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement of declaration spontaneous and unreflective,

(b) That the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,

(c) That the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and

(d) That the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.

*State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶166 (citations omitted). The statement need not be made during the course of the startling event. Rather, it is only necessary that the declarant still appeared nervous or distraught and that there was a reasonable basis for continuing to be emotionally upset. In addition, we note that there is no specific amount of time after which a statement can no longer be considered as an excited utterance and not the result of reflective thought. *State v. Taylor*, 66 Ohio St.3d 295, 612 N.E.2d 316 (1993).

**[\*P41]** Our review of Officer Purtee's trial testimony reveals that he spoke to F.W. on November 21, 2015. 1T. at 189. He was dispatched for a domestic violence call. *Id*. F.W. was hiding behind a truck and was extremely scared. *Id*. at 190.

**[\*P42]** After speaking to other witnesses, Officer Purtee returned to speak to F.W. 1T. at 191. Officer Purtee testified,

> She's still visibly afraid. So, she's locked in the back, she's
> looking around out the windows making sure that nobody's
> coming. I tried to reassure her that she was safe in my car.
> It took her awhile to calm down.

> 1T. at 191. The statements that Officer Purtee attributes to F.W. all
> concern the attack that had just occurred. 1T. at 192-193.

> **[*P43]** In the case at bar, F.W. had just been assaulted. Clearly, this
> was a startling event. Second, F.W.'s statements to Officer Purtee
> were made while she was still under the stress of the startling
> occurrence. The series of events in the case at bar clearly establishes
> an excited utterance exception to the hearsay rule.

> **[*P44]** As the evidence of F.W.'s statements was admissible as an
> exception to the hearsay rule, trial counsel was not ineffective in
> failing to object.

> **[*P45]** Warman's fourth assignment of error is overruled.

*State v. Warman,* 2017-Ohio-8994 (5th Dist. Nov. 15, 2017).

The question of whether Officer Purtee's testimony about what Ms. Warman said to him

came within the excited utterance exception to the hearsay rule is a question of state law, to wit,

the correct interpretation of Ohio R. Evid, 803(2). This Court cannot decide that question of state

law because federal habeas corpus reaches only federal constitutional questions.

However, whether it was ineffective assistance of trial counsel to fail to object is a federal

question. The Fifth District decided that question on the merits, holding that it is not ineffective

assistance of trial counsel to fail to raise a meritless hearsay objection.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is

contrary to or an objectively unreasonable application of clearly established precedent of the

United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86,

100(2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002);

*Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Here the Fifth District's decision is entitled to deference. There is no Supreme Court precedent holding that it is ineffective assistance of trial counsel to fail to make an objection that is without merit, as a hearsay exception in these circumstances would have been.

In his Reply, Warman does not argue with the Fifth District's excited utterance analysis. Nor does he cite any Supreme Court precedent on the question of whether it is ineffective assistance of trial counsel to raise a meritless hearsay objection. Instead, he returns to his argument that either Purtee's testimony is false or the victim's testimony is false. This argument has been dealt with under Ground One above. Ground Four requires no further analysis on this point.

Because the Fifth District's rejection of this claim of ineffective assistance of trial counsel is neither contrary to nor an objectively unreasonable application of *Strickland* and its progeny, Ground Four should also be dismissed as without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

April 9, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).