**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

CHARLES F. WARMAN,

                Petitioner,     :     Case No. 2:18-cv-564

    - vs -                         District Judge Sarah D. Morrison
                                          Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                   :

                Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 24) and his Motion for Certificate of Appealability (ECF No. 25). The case was reassigned to District Judge Morrison upon her taking office (ECF No. 21) and she has recommitted the case for reconsideration in light of the objections and motion (ECF No. 26).

**Ground One: Ineffective Assistance of Trial Counsel: Failure to Object to Perjury**

In his First Ground for Relief, Petitioner alleges the key witness against him, Felicia Warman, perjured herself and trial counsel should have exposed the perjury. The original Report found this claim was procedurally defaulted because, although it could have been raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21, Warman never filed such a petition (Report and Recommendations ("Report'), ECF No. 15, PageID 830). It was not required to be raised on the original direct appeal because Warman had the same counsel there as

1

at trial. *Id*. However, once the Fifth District granted Warman's Application to Reopen under Ohio R. App. P. 26(B), his new appellate attorney could have raised this claim but did not. *Id*. at PageID 831. Because it is a claim capable of being decided on the direct appeal record and not raised there, it is barred from further consideration in the Ohio courts by Ohio's *res judicata* doctrine from *State v. Perry*, 10 Ohio St. 2d 175 (1967). The claim is therefore procedurally defaulted, as Respondent asserts (Return of Writ, ECF No. 10).

The Report also concluded, after extended analysis, that the procedural default was not excused by ineffective assistance of appellate counsel (ECF No. 15, PageID 834-41). The Supplemental Report found that Warman had not attempted to excuse this procedural default in his Objections (ECF No. 20, PageID 866). In his most recent Objections, Warman asserts that "the knowing use of false testimony requires a new trial if it in any likelihood affected the judgment of the jury." (Objections, ECF No. 24, PageID 900, citing *Giglio v. United States*, 405 U.S. 150 (1972)). But that is completely off the point. Warman's First Ground for Relief accuses his trial attorney of failing to expose Felicia Warman's false testimony. It has nothing in substance to do with Warman's claim of prosecutorial misconduct for use of false testimony, which is Ground Two. Even if Ground Two were meritorious, its merits would not excuse a procedural default of Ground One. Warman explains that he inadvertently failed to cite *Brecht v. Abrahamson*, 507 U.S. 619 (1993), and says "[s]urely this Honorable Court would not deny relief due from a constitutional violation based on clerical mistake by a *pro se* litigant." *Id. Brecht* establishes the standard for determining when a constitutional error is harmless. Neither prior Report found a constitutional error as pleaded in Ground One at all. Instead, the found that Warman had procedurally defaulted on this claim.

Warman again argues the merits of his ineffective assistance of appellate counsel claim for

2

not raising this ineffective assistance of trial counsel claim (Objections, ECF No. 24, PageID 901). He notes that the Fifth District Court of Appeals found this claim also procedurally defaulted, but Warman asserts "the appellate court did not clearly and expressly rest on the procedural bar because they proceeded to discuss the merits." *Id.*, citing *State v. Warman*, Case No. 16-CA-30 (5th Dist. Jan. 25, 2018) (unreported, copy at State Court Record, ECF No. 9, PageID 295 et seq.) Examination of that decision shows the Fifth District rested its decision on two procedural defaults. First of all, they found Warman's relevant pleading was a second application to reopen under Ohio App. R. 26(B) and Ohio law allows only one such application:

> In the case at bar, Appellant is again attempting to reopen the appellate judgment that was rendered by this court. Appellant's second application to reopen is not well taken because there is no right to file successive applications for reopening pursuant to App.R. 26(6). *State v. Richardson,* 74 Ohio St.3d 235, 1996-Ohio-258. 658 N.E.2d 273; *State v. Cheren,* 73 Ohio St.3d 137, 1995-Ohio-28, 652 N.E.2d 707; *State v. Peeples,* 73 Ohio St.3d 149, 1995-Ohio-36, 652 N.E.2d 717. See, also, *State v. Cooey*, 99 Ohio St.3d 345, 2003-Ohio-3914, 792 N.E.2d 720, ¶ 5, quoting *Williams*. 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 10 ("'Neither App.R. 26(B) nor *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, provides a criminal defendant the right to file second or successive applications for reopening'").

*Id.* at PageID 296.

Second, they found Ohio's criminal *res judicata* doctrine was a bar.

> Furthermore, the doctrine of res judicata prohibits this court from considering Appellant's second application for reopening because his new claims could have been raised in his initial application to reopen. See *State v. Cheren*, 73 Ohio St.3d 137, 652 N.E.2d 707 (1995); *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

*Id.* at PageID 297.

Having invoked those two procedural defaults, the Fifth District did not proceed to discuss the merits of his ineffective assistance of trial counsel claim, but rather addressed his assertion

that they had not discussed his underlying claim that the victim was lying. *Id.* at PageID 297. At the conclusion of his second App. R. 26(B) Application, Warman had written:

**CONCLUSION**

> These are substantial constitutional issues that should have been briefed by Appellate counsel, as they have not been considered even though there was not s lack of effort. Appellant is a novice at law and should be under the guidance and protection of effective counsel. These issues clearly show he was not afforded that protection.as time and again he has been denied effective counsel throughout his appeal process •. Appellant's last appeal should have proceeded as if on an initial appeal but each counsel has not looked out for the best interest of Appellant and the record clearly establishes this fact.
>
> Felicia's testimony by all accounts is criminal and her credibility as a witness is tainted as she has lied repeatedly throughout this case. It should not take multiple instances of outright lies for Appellant's trial to be termed unfair. Felicia lied about a material matter and committed perjury. The courts are to uphold the law and not turn a blind eye to one criminal act to secure a conviction against another. That is what the prosecutor did in the instant case. And to top it off Appellant was further prejudiced by his trial attorney, left defenseless against false allegations.

(State Court Record, ECF No. 9, PageID 244-45.)

In response the Fifth District wrote:

> To the extent that Appellant contends we did not consider his claim that the victim lied, we note the following evidence was presented to the jury during Appellant's trial.
>
> F.W. testified that she told the employees that she fell or got hurt because she did not want to tell them Charles was hitting her. 1T. al 209. F.W. admitted that on November 7, 2015, she called Officer Purtee to tell him that she had lied about Charles hitting her earlier that day. 1T. at 226; 241.
>
> Officer Jonathan Bell of the Newark Police Department testified concerning an email that he had sent to Officer Evans, in which he stated that F.W. had told him that she had lied to the officers to get Charles into trouble because Charles was cheating on her. 2T. at 300.

Mary Berry testified that she is Charles'[s] aunt. 2T. at 320. She testified that F.W. was staying with her in Gallipolis in mid to late November 2015. 2T. at 321; 324. Ms. Rhine testified that she overheard F.W. tell the police over the telephone "none of it was true. She made it up. It was an act of jealousy." 2T. at 327.

Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. Barberton v. Jenney, 126 Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, ¶ 20. Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer,* 4th Dist. Pickaway No. 11 CA9, 2012-0hio-1282, 1124.

The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) citing *State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL284714 (May 28, 1996). Indeed. the trier of fact need not believe all of a witness' [sic] testimony, hut may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, 1121, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burlce*, 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991). paragraph one of the syllabus, superseded by State constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

In the case at bar, the jury heard the witnesses, viewed the evidence and heard Appellant's arguments and explanations about his actions and the credibility of F.W. A rational basis exists in the record for crediting the testimony of F.W. because she was the victim of abuse, was present in court and subject to cross-examination in front of the jury.

> Accordingly, we find that the issue asserted by Warman in his three proposed assignments of error raise "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753.

*State v. Warman, supra*, State Court Record, ECF No. 9, PageID 297-99.

Of course, Warman's claim that his Felicia Warman was lying underlies his claim of ineffective assistance of trial counsel (for not exposing the lying) and prosecutorial misconduct (for not correcting the lies). In that sense, the Fifth District's discussion of the evidence is relevant to those claims and resulted in a decision that there was no merit to the ineffective assistance of appellate counsel claims, even though they were procedurally defaulted.

Although a state court discusses the merits of a claim in the alternative (or part of a claim as here), there can still be procedural default if the state court rules on the procedural ground. *Coe v. Bell,* 161 F.3d 320, 330 (6th Cir. 1998). The Fifth District made two procedural rulings: (1) Ohio law does provide for a second 26(B) application in any instance and (2) *res judicata* bars consideration of these particular claims (State Court Record, ECF No. 9, PageID 296-97). The rule proscribing second or successive 26(B) applications is well-established, as shown by the precedent cited by the Fifth District. It is an adequate and independent rule in that no Supreme Court precedent requires a State to provide a second opportunity to raise ineffective assistance of appellate counsel claims and this rule protects a State's interest in the finality of its criminal judgments. As for the *res judicata* ruling, the Sixth Circuit has repeatedly upheld it as an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001)

(Smith, J.).

Warman relies on the "deliberate bypass" requirement announced in *Fay v. Noia* (Objections, ECF No. 24, citing 372 U.S. 391 (1963)). *Fay v. Noia* was overruled in *Wainwright v. Sykes*, 433 U.S. 72 (1977).

**Ground Two: Prosecutorial Misconduct by the Knowing Use of Perjured Testimony**

In his Second Ground for Relief, Warman argues he was deprived of due process when the prosecutor knowingly used false testimony to convict. The factual basis of this claim is the assertedly false testimony of Felicia Warman. In his Reply, Warman argued this claim together with Ground One (ECF No. 13, PageID 798-809), and the Report concluded it was procedurally defaulted on the same basis as Ground One (ECF No. 15, PageID 841).

Warman does not divide his current Objections according to the Grounds for Relief to which they relate, but he begins to deal with knowing use of false testimony by a lengthy quotation *State v. Widmer* (Objections, ECF No. 24, PageID 903, citing 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 38 (Jan. 14, 2013)). He then recites part of Felicia Warman's allegedly false testimony and quotes the Ohio perjury statute. *Id*. at PageID 903-04, quoting Ohio Revised Code § 2921.11.

Warman criticizes the Magistrate Judge's interpretation in the Supplemental Report of Ms. Warman's testimony, arguing this Court cannot "determine what interpretation the jury concluded from F.W. testifying she was beat [sic] on Fairbanks" (Objections, ECF No. 24, PageID 904). That is certainly true. A criminal jury in our system is something of a black box: they are not required to give an explanation of their verdict and do not have to disclose their reasoning to anyone. The

point of the Magistrate Judge's interpretation is that it would have been reasonable for the jury to hear Ms. Warman's testimony in a way which made it consistent with other statements. That is in part what the Fifth District found: there were inconsistencies in Ms. Warman's testimony and between her testimony and that of others, but it was for the jury to resolve who to believe (State Court Record, ECF No. 9, PageID 298).

As Warman recounts, he was charged with four counts of domestic violence for events that happened between August 28, 2015, and November 22, 2015 (Indictment, State Court Record, ECF No. 9, PageID 73-75). Warman argues that because the victim did not distinguish which injuries shown in photographic exhibits occurred at what time, the jury could not evaluate the inconsistencies in her testimony (Objections, ECF No. 24, PageID 909). In this way, Warman attempts to transform imperfection in testimony to knowing use of perjury. But there is a long distance between not remembering which bruise the batterer gave you when to being a perjurer about the injuries.

**Certificate of Appealability**

At the conclusion of his current Objections, Warman asks for a certificate of appealability (ECF No. 24, PageID 912). He has also filed a separate Motion for Certificate of Appealability (ECF No. 25). He seeks a certificate of appealability on Grounds One and Two, to wit, that Warman received ineffective assistance of trial counsel in the manner in which he cross-examined Felicia Warman and that the prosecutor knowingly used perjured testimony from Ms. Warman . *Id.* at PageID 915.

To obtain a certificate of appealability, a petitioner must "show[s], at least, that jurists of

reason would find it debatable whether the petition states a valid claim of denial of a constitutional right[.]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, a District Court must find "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Banks v. Dretke*, 540 U.S. 668, 705 (2004) quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327(2003); accord *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring).

The Magistrate Judge has recommended dismissing Grounds One and Two on the basis of procedural default. Warman's Motion, on the other hand, argues these grounds on the merits. He has failed to show, or even address in his Motion, whether reasonable jurists would disagree on this point, to wit, whether the first two grounds are procedurally defaulted. Warman does no more than assert that reasonable jurists would disagree. He cites, for example, no dissenting opinions in the Fifth District and no analogous cases where reasonable jurists reached different conclusions.

Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, requires the circuit courts to decide the question of appealability, those courts have uniformly delegated that decision in the first instance to the district courts, and the Supreme Court has endorsed that delegation in Rule 11 of the Rules Governing § 2254 Cases. This Court should conclude reasonable jurists would not disagree on the recommended procedural

9

default decision as to Grounds One and Two and deny Warman a certificate of appealability.

August 1, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).