# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHARLES F. WARMAN,

    Petitioner,

v.

WARDEN, NOBLE CORRECTIONAL INSTITUTE,

    Respondent.

Case No. 2:18-cv-564
Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

On April 9, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. (ECF No. 15). After Petitioner filed Objections to the R&R (ECF No. 18), the matter was recommitted and the Magistrate Judge issued a Supplemental Report and Recommendation ("Supplemental R&R") (ECF No. 20). After Petitioner filed Objections to the Supplemental R&R (ECF No. 24), the matter was again recommitted and the Magistrate Judge issued a Second Supplemental Report and Recommendation ("Second Supplemental R&R") (ECF No. 27). Petitioner has filed Objections to the Second Supplemental R&R. (ECF No. 32). Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For the following reasons, Petitioner's Objections (ECF Nos. 18, 24, 32) are **OVERRULED**. The R&R, Supplemental R&R, and the Second Supplemental R&R (ECF Nos. 15, 20, 27) are **ADOPTED** and **AFFIRMED**. The petition is **DENIED** and this action is **DISMISSED**.

The Court further **DECLINES** to issue a certificate of appealability ("COA"). Petitioner's motion for a COA (ECF No. 25), is **DENIED**.

## ANALYSIS

Petitioner alleges four grounds for habeas relief from his state court convictions for felony domestic violence. The Court addresses them in turn, although not in the order that Petitioner has raised them.

**Ground Three – Appellate Counsel's Failure to Appeal Application to Re-open**

In Ground Three, Petitioner alleges that he received ineffective assistance of appellate counsel because appellate counsel failed to appeal the state appellate court's improper adjudication of one of his claims in his *pro se* motion to re-open his appeal. The Magistrate Judge concluded that this claim is without merit because Petitioner cannot demonstrate that he suffered prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). (R&R, ECF No. 15, at PAGE ID # 841–42). The Magistrate Judge reasoned that even if appellate counsel failed to appeal the state appellate court's decision about the claim, which appears to have been based on a misreading of that claim, Petitioner's *pro se* motion to re-open the appeal was granted, appellate counsel was appointed to represent him, and Petitioner was permitted to proceed with a re-opened appeal. Petitioner does not object to that conclusion, which is supported by the record. Accordingly, the Court finds that there is no merit to this ground for relief.

**Ground Four – Trial Counsel's Failure to Raise Hearsay Objections**

In Ground Four, Petitioner alleges that he entitled to relief because he received ineffective assistance of trial counsel when trial counsel failed to object to repeated hearsay testimony from one of the state's witnesses. The Magistrate Judge concluded that this claim is without merit because the state appellate court reasonably concluded that counsel's failure to object did not constitute deficient performance under *Strickland*. (*Id*. at PAGE ID # 845–46). The state appellate court held that the challenged testimony did not constitute hearsay under the

state's evidence laws, and thus, counsel did not perform deficiently by failing to raise hearsay objections. The Magistrate Judge concluded that this was not an unreasonable application of *Strickland*. The Court agrees. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."); *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."). Petitioner does not object to this conclusion. Accordingly, the Court finds that there is no merit to this ground for relief.

**Ground One – Trial Counsel's Failure to Impeach Victim's Perjured Testimony**

In Ground One, Petitioner alleges that he received ineffective assistance of trial counsel because trial counsel failed to impeach the victim with perjured testimony. The Magistrate Judge concluded that this claim was procedurally defaulted because it was not raised by appellate counsel in Petitioner's re-opened appeal.[1] The Magistrate Judge further concluded that Petitioner could not establish cause and prejudice to excuse that default. Specifically, the Magistrate Judge concluded that Petitioner could not establish that appellate counsel's failure to raise the ineffective assistance of trial counsel claim constituted ineffective assistance of appellate counsel that could excuse default of the ineffective assistance of trial counsel claim. The Magistrate Judge correctly explained that in order to evaluate an ineffective assistance of appellate counsel claim, a court must assess the strength of the claim that appellate counsel failed to raise on appeal. *See Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011) (citing *Wilson v. Parker*, 515 F. 3d 682, 707 (6th Cir. 2008)). The Magistrate Judge then examined the underlying ineffective assistance of trial counsel claim and found that it was not compelling. Petitioner

---

[1] Nor did Petitioner raise the claim in a timely petition for post-conviction relief under Ohio Rev. Code § 2953.21, even though that was an option available to him.

concedes that this claim is procedurally defaulted but objects to the Magistrate Judge's conclusion that the ineffective assistance of counsel claim was not compelling, and by extension, that appellate counsel did not perform deficiently by failing to raise it. (ECF No. 32, at PAGE ID # 947).

The Court finds that this claim is procedurally defaulted. The Court further agrees with the Magistrate Judge's conclusion that the merit of the ineffective assistance of trial counsel claim was not so compelling that appellate counsel performed deficiently by failing to raise it. The Court initially notes that the cross-examination of witnesses falls within the area of tactics or strategy that courts typically do not attempt to second guess. "The cross-examination of a witness is a delicate task; what works for one lawyer may not be successful for another. Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997). Further, "[i]mpeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002). Impeachment of a victim is particularly delicate.

In any event, the Court agrees with the Magistrate Judge's conclusion that Petitioner's claim rests on a stilted reading of the trial transcripts. Petitioner contends that the victim lied when she testified that he "beat" her when both of them visited their friend at a house "out on Fairbanks Avenue" because he only threatened her when they were at that location. Petitioner insists that trial counsel should have confronted the victim about this falsehood and that he performed deficiently by failing to do so. It appears, however, that the victim's reference to

4

Petitioner beating her while "out on Fairbanks Avenue" was a shorthand reference that came up while the state was trying to establish a timeline during the victim's direct examination:

> Q: Okay, so on November 19th you went back home.
>
> A: I think I went home around the twelfth.
>
> Q: The twelfth. How long did you stay at – stay there?
>
> A: I was home until he beat me that second day out on Fairbanks Avenue and the police took me back home and I packed my stuff to leave again.

(*Trial Transcript*, ECF No. 9-1, at PAGEID # 576–77). When explicitly testifying on direct about the day that the victim and Petitioner were at Fairbanks Avenue, however, the victim clearly indicated that Petitioner punched her in the nose while helping a friend move sometime earlier that day, and that he had been "smacking," "punching," "pulling [her] hair," and "hitting" her while they drove to Fairbanks Avenue, but that he ceased doing so upon their arrival. (*Id*. at PAGE ID # 578–80). Indeed, the victim testified that after they arrived at Fairbanks Avenue, Petitioner confronted their friend before turning his attention back to her; ordering her to get out of the car they had driven there; chasing her around the car while brandishing a tool as a weapon; and telling her that he was going to beat her with it. (*Id.*). As a result, the Court is not convinced that the reference to being "beat" while "out on Fairbanks Avenue" constitutes false testimony. Rather, it appears to be a general reference to the day when the victim and Petitioner travelled there and spent time at that location. At most, the reference could be construed as an inconsistency in the victim's testimony.

Further, the Court agrees with the Magistrate Judge that even if this reference represents an inconsistency, it was not so material that trial counsel performed deficiently by failing to challenge it. The victim had already testified on direct that Petitioner physically hit and punched her before and during their travel to Fairbanks Avenue rather than when they were at Fairbanks

5

Avenue. Trial counsel's decision not to question the victim more closely about the victim's reference to the being beat "out on Fairbanks Avenue" when the state was establishing a timeline may have been a sound trial strategy given that a more vigorous cross-examination on this minor inconsistency may have alienated the jury or provoked sympathy for the victim, who alleged that she had been repeatedly beaten by her husband for at least several months. Moreover, the Court agrees with the Magistrate Judge's conclusion that counsel conducted a vigorous cross-examination of the victim about other inconsistencies and misstatements, including that she had made inconsistent statements to police and others and that she had recanted certain abuse allegations, although she further testified that she did so under duress. (*Id*. at PAGE ID # 597–98). For these reasons, the Court concludes that trial counsel did not perform deficiently by failing to challenge the inconsistency.

Petitioner contends that the Magistrate Judge underestimates the import of this particular inconsistency. Read liberally, Petitioner appears to contend that count one of the indictment charged him with domestic violence that took place on or around November 22, 2015, and that count two of the indictment charged him with one count of domestic violence that took place on or between November 19, 2015, and November 22, 2015. (ECF No. 32, PAGEID #950; ECF No. 9, PAGE ID # 73–75). He further contends that the victim testified that no domestic violence incidents occurred between November 12, 2015, and November 21, 2015, (*Trial Transcript*, ECF 9-1, at PAGE ID # 577), and thus, the state needed to prove that two domestic violence incidents took place on or around November 22, 2015, in order to sustain his convictions for counts one and two. He asserts that the victim's inaccurate statement that she was beaten "out on Fairbanks Road" likely misled the jury into finding that there was evidence to support both counts given that he only beat the victim during the drive to Fairbanks Road but not

after they arrived. Nevertheless, the jury heard that Petitioner beat and hit the victim while they traveled to Fairbanks Road. (*Id*. at PAGE ID # 577–78). The jury also heard that after arriving at Fairbanks Road, Petitioner chased the victim around a car while swinging a tool at her and threatening to beat her with it. (*Id*. at PAGE ID # 578–80). The jury may have concluded that the physical altercation during the drive and the threats after arrival constituted separate incidents of domestic violence given that Ohio law defines domestic violence as knowingly causing or *attempting* to cause physical harm to a family member. Ohio Rev. Code § 2919.25(A) (emphasis added). A jury could conclude that chasing someone while swinging a tool at them and threatening to beat them with it constitutes an attempt to cause physical harm. Thus, as the Magistrate Judge explained, even if this inconsistency had been challenged, the jury could have reached the same conclusion in light of other evidence that was presented. For that reason, Petitioner would not be able to demonstrate that counsel's failure to challenge this inconsistency prejudiced him under *Strickland*.

In sum, the Court concludes that the ineffective assistance of trial counsel claim in Ground One was procedurally defaulted. In addition, that claim was not so compelling that appellate counsel performed deficiently by failing to raise it, and therefore, appellate counsel's failure to do so does not constitute cause to excuse its default.[2]

**Ground Two – Prosecutorial Misconduct for Knowing Use of False Testimony**

In Ground Two, Petitioner alleges prosecutorial misconduct for the state's knowing use of and failure to correct false testimony. The Magistrate Judge concluded that this claim was also procedurally defaulted for the same reasons that Petitioner's ineffective assistance of trial

---

[2] Although the Court finds that Petitioner's ineffective assistance of trial counsel claim is procedurally defaulted, given that it has assessed the strength of that underlying claim, the Court would deny this ground for relief even if it were to reach its merits.

counsel claim was defaulted (i.e., the claim was not raised on appeal, and appellate counsel's failure to raise it did not constitute ineffective assistance of appellate counsel such that it excused the default). Petitioner concedes that this claim is also procedurally defaulted but again objects to the Magistrate Judge's cause and prejudice determination. (ECF No. 32, at PAGE ID # 952). Specifically, the Magistrate Judge examined the prosecutorial misconduct claim and found that it was not so compelling that appellate counsel performed deficiently by failing to raise it, and thus, failing to raise it did not excuse the default. Petitioner objects to this finding by challenging the Magistrate Judge's assessment of the strength of the underlying prosecutorial misconduct claim.

The Court finds that this claim is also procedurally defaulted. Specifically, the Court agrees that the claim's merit was not compelling. As the Magistrate Judge explained, this claim also hinged on Petitioner's characterization of the victim's reference to Petitioner beating her "out on Fairbanks Avenue" as a falsehood that the prosecution knew was false and failed to correct. Again, however, that contention is predicated upon a stilted reading of the trial transcripts. The victim testified that Petitioner physically accosted her while they traveled to Fairbanks Avenue, and that after they arrived, he ordered her out of the car, chased her, and threatened her with a tool. Her reference to being beat "out on Fairbanks Avenue" at a different point during her direct examination appears to generally describe the day that they travelled to and visited Fairbanks Avenue. Moreover, the Court agrees with the Magistrate Judge's conclusion that at most, this reference constituted an inconsistency in the victim's testimony rather than a falsehood. As explained by the Magistrate Judge, however, there is a difference between inconsistencies in testimony, even from the state's key witness, and the state's knowing use of perjury. *See Monea v. United States*, 914 F.3d 414, 421 (6th Cir. 2019) (explaining that

8

"mere inconsistencies" in testimony are not enough to establish that a defendant's due process rights were violated by use of perjured testimony; defendant must prove that the testimony was "indisputably false").

In sum, the Court finds that the prosecutorial misconduct claim in Ground Two was procedurally defaulted. In addition, the claim was not so compelling that appellate counsel performed deficiently by failing to raise it, and therefore, appellate counsel's failure to do so does not constitute cause to excuse its default.

## CONCLUSION

For all these reasons, the Court concludes that Petitioner's objections are without merit.

## CERTIFICATIONS

Petitioner has also moved for COA. (ECF No. 25). A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make such a showing, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a COA may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

With regard to Grounds Three and Four, Petitioner has waived the right to file an appeal by failing to file objections to the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir 1981). With regard to Grounds One and Two, the Court is not persuaded that reasonable jurists could debate whether the Court is correct that these grounds are procedurally barred. Accordingly, the Court **DECLINES** to issue a COA on all grounds raised in the petition.

The Court also **CERTIFIES** that an appeal would not be in good faith and that an application to proceed in forma pauperis would be **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison_____
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE